# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Antonio C., | Case No. 26-cv-00306 (MJD/ECW) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| Kristi Noem, *in her official capacity as Secretary of the Department of Homeland Security*; Todd Lyons, *in his official capacity as Acting Director of United States Immigration and Customs Enforcement*; and David Easterwood, *in his official capacity as Acting Director, St. Paul Field Office, U.S. Immigration and Customs Enforcement*, | |
| Respondents. | |

This matter is before the Court on Petitioner Antonio C.'s Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241, filed on January 14, 2026. (Dkt. 1.) According to the Petition, Petitioner is a citizen of Mexico who has resided in the United States for more than 20 years. (*Id.* ¶ 3.) He has been detained in Immigration and Customs Enforcement ("ICE") custody since January 14, 2026. (*Id.* ¶ 1.) Petitioner seeks a declaratory judgment that he is subject only to discretionary detention under 8 U.S.C. § 1226(a), not mandatory detention under 8 U.S.C. § 1225(b)(2), and that an immigration judge must therefore hold a custody redetermination hearing under 8 C.F.R. § 1236 to allow Petitioner the opportunity to seek a bond for his release from custody. (*Id.* ¶ 1.)

On January 15, 2026, U.S. District Judge Michael J. Davis issued an Order requiring Respondents to file their answer no later than January 19, 2026, certifying the true cause and proper duration of Petitioner's confinement and showing cause why the writ should not be granted in this case. (Dkt. 4 at 1 ¶ 1.) Judge Davis also "enjoined Respondents from removing Petitioner from the District of Minnesota" until a final decision has been made on the Petition and ordered Respondents "to immediately return Petitioner to Minnesota" if he has already been removed from Minnesota. (*Id.* at 2-3 ¶¶ 2-3.) On January 19, 2026, Respondents filed a Response. (Dkt. 6.) Respondents filed no supporting declaration or other evidence in support of their assertion or positions. Petitioner filed his reply on January 21, 2026 (Dkt. 7), and the case is now ripe for decision.

## I.   FACTS

Petitioner alleges, and Respondents do not dispute, that he is a citizen of Mexico who has resided in the United States since November 2004. (Dkt. 1 ¶¶ 43-45.) Petitioner has a nine-year-old child who is a United States Citizen. (*Id.* ¶ 3.) Petitioner alleges, and Respondents do not dispute, that on November 10, 2024, Petitioner filed an I-360 VAWA Petition with the United States Citizenship and Immigration Service (USCIS), and on November 10, 2025, USCIS issued a Prima Facie Determination that Petitioner was eligible. (*Id.* ¶ 3.)

Petitioner was taken into ICE custody on January 14, 2026 and was detained at Fort Snelling, Minnesota. (*Id.* ¶ 1.) Respondents have provided no additional facts about the circumstances or reason for Petitioner's detention, other than to state that Petitioner

2

"is currently detained by ICE pursuant to 8 U.S.C. § 1225(b)(2)(A)," "falls under the statutory definition of an 'applicant for admission,' *see* 8 U.S.C. § 1225(b)(1), and an examining immigration officer has determined that he is 'not clearly and without a doubt entitled to be admitted.'" (Dkt. 6 at 1.)[1]

Respondents represent in their brief that prior to Judge Davis's January 15, 2026 order prohibiting Petitioner's removal from the District of Minnesota, Respondents had already transferred Petitioner to an ICE facility in Texas "for bed-space reasons." (Dkt. 6 at 2.) Respondents report that "ICE is working to return him to Minnesota in compliance with the Order, and he is expected back [on January 20, 2026.]"[2] (*Id.*)

## II. LEGAL STANDARD

A federal court may provide habeas relief to a person who is detained in violation of the Constitution or laws of the United States. 28 U.S.C. § 2241(c)(3). "The right to challenge the legality of a person's confinement through a petition for a writ of habeas corpus extends to immigration-related detention." *Diego L., v. Bondi, et al.*, No. 26-CV-382 (JMB/DJF), 2026 WL 145206, at *2 (D. Minn. Jan. 20, 2026) (citation modified). Petitioner has the burden of proving his entitlement to relief by a preponderance of the evidence. *Jose J.O.E. v. Bondi*, 797 F. Supp. 3d 957, 965 (D. Minn. 2025). As U.S. Magistrate Judge John F. Docherty recently explained in a similar case:

---

[1] Page number citations in this Report and Recommendation are to the page number assigned by CM/ECF.

[2] Respondents have not argued that this transfer deprived the Court of jurisdiction over the Petition.

3

> Two provisions of the Immigration and Nationality Act are relevant to this case. Under 8 U.S.C. § 1225(b)(2), which applies to "an alien seeking admission" to the United States, detention while immigration proceedings are conducted is mandatory, while under 8 U.S.C. § 1226(a), which applies to an alien who is unlawfully present in the United States, detention is discretionary and may only be imposed after a hearing.

*Mahamed C.A. v. Noem*, No. 25-CV-4551 (MJD/JFD), 2025 WL 3771299, at *1-2 (D. Minn. Dec. 16, 2025), *R. & R. adopted sub nom.*, 2025 WL 3754012 (D. Minn. Dec. 29, 2025).

### III.   ANALYSIS

As stated above, Petitioner seeks immediate release, or in the alternative, a declaratory judgment that he is subject to discretionary detention under 8 U.S.C. § 1226(a), not mandatory detention under 8 U.S.C. § 1225(b)(2), and thus entitled to a custody redetermination hearing before an immigration judge under 8 C.F.R. § 1236 so Petitioner can seek a bond for his release from custody.  (*Id.* ¶ 1.)

The Response makes the following argument for denial of the Petition:

> This petition raises legal and factual issues similar to those in prior habeas petitions this Court has decided. Those issues are currently before the Eighth Circuit on expedited review in *Avila v. Bondi*, No. 25-3248 (8th Cir. docketed Nov. 10, 2025). Rather than belabor these proceedings by rearguing points the Court has considered and rejected, Federal Respondents assert all arguments raised by the government in *Avila* and respectfully request that the Court preserve those arguments for any appeal in this case.

(Dkt. 6 at 1.)  Respondents also note that "though a minority view, dozens of courts across the country have adopted the government's reading of § 1225." (Dkt. 6 at 2 (citing *Bidye M. v. Kandiyohi Cnty. Jail*, No. 25-04791 (PAM-EMB), ECF No. 10 (D. Minn.

4

Jan. 16, 2026); *Abdirahmaan G. v. Noem*, No. 26-34 (PAM/SGE), ECF No. 7 (D. Minn. Jan. 14, 2026)).

In his Reply, Petitioner further argues that "Respondents have failed to produce a warrant or other exhibit that sets forth the proper basis for Petitioner's detention" or otherwise "show that they have satisfied the statutory requirements for detention or shown any evidence that would indicate to this Court that detention of Petitioner is mandatory."  (Dkt. 7 at 1.)

The crux of the issue here is whether Petitioner, who has lived in the United States for over 20 years, should be treated as an "applicant[] for admission" under § 1225, subjecting him to mandatory detention, or as "an alien" who was "arrested and detained pending a decision on whether the alien is to be removed from the United States" under § 1226, and therefore entitled to a bond hearing before an immigration judge.

The Court has carefully reviewed, but is not persuaded by, the two cases that Respondents cite in support of their position.  The Court reads 8 U.S.C. § 1225(b)(2) to apply only to persons who are "presently seeking admission at the time of their detention."  *See Beltran v. Bondi*, No. 25-04604 (MJD/DTS), 2025 WL 3719856, at *3 (D. Minn. Dec. 23, 2025) (reasoning that to be seeking admission means to be "coming from outside" and concluding that an individual who had resided in the country for 18 years was not currently seeking admission).

 The Court agrees with the numerous thoughtful and persuasive decisions addressing this issue in this District and nationwide which overwhelmingly support granting the Petition.  *See Mahamed C.A.*, 2025 WL 3771299, at *2-3 ("The United

States concedes that Petitioner's claim is similar to numerous other immigration cases in this District in which citizens detained by U.S. Immigration and Customs Enforcement seek bond hearings, in every one of which a district judge of this Court has ruled against the government's new interpretation. . . . Going beyond Minnesota to consider this question on a national level, over 300 cases (and counting) have been decided adversely to the government."). As another judge in this District recently explained: "Courts have overwhelmingly rejected Respondents' interpretation that section 1225(b)(2) requires the mandatory detention of all noncitizens living in the country who are 'inadmissible' because they entered the United States without inspection." *Martin R. v. Noem*, No. 26-CV-168 (JMB/LIB), 2026 WL 115024, at *2 (D. Minn. Jan. 15, 2026). The Court sees no reason to depart from this well-reasoned consensus, and adopts the statutory analysis set forth in *Martin R.* and the myriad other cases rejecting Respondents' position.

Consequently, the Court recommends that the Petition be granted insofar as Respondents be ordered to hold a bond hearing for Petitioner before an immigration judge **in Minnesota** within 7 days of an order adopting this Report and Recommendation, and, if he is not granted a bond hearing within 7 days of such an order, that Petitioner be immediately released.

Given Respondents' non-specific arguments in their Response, the Court sets an expedited deadline for objections to this Report and Recommendation. *See* D. Minn. LR 72.2(a)(1) ("A party may file and serve objections to the order within 14 days after being served with a copy, **unless the court sets a different deadline**.") (emphasis added). Any

6

objections to this Report and Recommendation are due **on January 25, 2026**. Responses to objections are due **on January 28, 2026**.

## IV. RECOMMENDATION

Based on the files, records, and proceedings herein, **IT IS RECOMMENDED THAT**: The Petition be **GRANTED** insofar as Respondents be ordered to hold a bond hearing for Petitioner before an immigration judge **in Minnesota** within 7 days of an order adopting this Report and Recommendation, and, if he is not granted a bond hearing within 7 days of such an order, that Petitioner be immediately released.

Dated: January 22, 2026

s/ *Elizabeth Cowan Wright*
Elizabeth Cowan Wright
United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. **The Court modifies this deadline such that objections are due on or before January 25, 2026.** *See* D. Minn. LR 72.2(a)(1) ("A party may file and serve objections to the order within 14 days after being served with a copy, unless the court sets a different deadline."). **Responses to objections are due on or before January 28, 2026.** All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).